UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Marshall J. Dimick, Jr.,  Case No. 5:07-cv-485

    Petitioner,

v.  **MEMORANDUM AND ORDER**

Secretary, Department
of Corrections, and
Florida Attorney General,

    Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

On February 19, 2004, Petitioner Marshall J. Dimick, Jr. was found guilty of one count of DUI manslaughter and one count of DUI with serious bodily injury. Dimick appealed his conviction and sentence, and the Florida Fifth District Court of Appeal affirmed on November 30, 2004. Dimick then sought review from the Florida Supreme Court, but his petition was dismissed for lack of jurisdiction. Dimick then filed for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. Dimick's Rule 3.850 motion was denied on December 8, 2005, and that denial was affirmed on March 7, 2006. Dimick turned over for mailing a Rule 3.800(e) motion to correct illegal sentence that was summarily denied, and an affirmance was entered on June

12, 2007.

This Petition challenges the outcome of Dimick's denial of postconviction relief and raises 16 claims.

**DISCUSSION**

**A.     Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The habeas statute also requires that a petition submitted by a person in custody pursuant to a state conviction be filed in federal court within one year from the date the conviction became final, 28 U.S.C. § 2244(d), and that a habeas petitioner exhaust his available state court remedies prior to raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A).

**B.     Exhaustion**

Under 28 U.S.C. § 2254, a person in State custody must exhaust his or her remedies

in state court prior to seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). This requires that issues presented in a federal petition first be presented to the state courts. Picard v. Connor, 404 U.S. 270, 276 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").

The Supreme Court held that a federal district court must dismiss "mixed petitions"—those containing both exhausted and unexhausted claims—and leave the petitioner "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982). However, 28 U.S.C. § 2254 has been amended since Rose to provide that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Therefore, the Court can exercise discretion to consider any of Petitioner's unexhausted claims. Here, the Court will consider each of Petitioner's claims.

**C.     Improper Jury Instructions**

Dimick claims that the trial court erred in its instruction of the jury. Dimick can succeed on an improper jury instruction claim only if he can prove that the alleged error in the instructions "by itself so infected the entire trial that the resulting conviction violates due process, . . .not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The court must analyze the degree of the error by "compar[ing]

the instructions which were actually given with those that should have been given." Id.

1.   Ground 1: Use of 'Physical Impairment' in Jury Instructions

Dimick contends that the use of "physical impairment"' in the jury instructions was improper because the blood tests that measured the alcohol level in his blood had been destroyed. Dimick claims that these instructions were improper because the blood tests were referenced by opposing counsel during the trial and the jury was not specifically instructed on how they should interpret the references to the blood tests. While these instructions may not have been desirable for Dimick, they do not rise to the level of violating Dimick's due process rights.

This is especially true given two factors. First, the trial court used the standard Florida jury instructions. Second, there was overwhelming evidence that Dimick was intoxicated at the time of the accident. Dimick admitted that prior to arriving at the bar he consumed "maybe" a 12-pack of beer (Trial Tr. at 311), at the bar he consumed a couple more beers and a couple more shots (Id. at 307, 309), and after the incident several people noticed that he was acting strangely and smelled of alcohol (Id. at 204, 206, 175, 176-177). Thus, the use of "physical impairment" did not violate Dimick's due process rights.

2.   Ground 2: Use of 'Physical Control' in Jury Instructions

Dimick contends that the use of "physical control" in the jury instructions was improper because he claims he was not driving the vehicle at the time of the accident. As with Ground 1, the instruction used was the standard jury instruction. Furthermore, even if there was an error, it was harmless given the overwhelming evidence presented at trial that

Dimick was the driver of the vehicle. (Trial Tr. at 80, 83-84, 101, 103, 127, 128, 129, 132, 133, 147, 148-150, 199-200, 202, 204, 213-214, 232, 233, 236, 261-262, 301, 319, 396-397, 400-401, 470). Given these factors, there is no evidence that the jury instructions were improper or that they violated Dimick's due process rights. Dimick's claim on this ground fails.

**D.     Ineffective Assistance of Counsel**

Dimick contends that his trial and appellate counsel were ineffective. To succeed on this claim, Dimick must establish that his counsel was ineffective and that it was unreasonable for the trial court to conclude otherwise. 28 U.S.C. §2254(d).

For Dimick to be successful in challenging his conviction based on ineffective assistance of counsel he must meet two criteria. First, counsel's performance must be "so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Second, Dimick bears the burden to prove "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Dimick "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel

ineffective." Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

Claims of ineffective assistance of appellate counsel are governed by the same standards that apply to trial counsel. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

1. Ground 3: Appellant Counsel Failed to Review and Have Complete Record on Review

Dimick claims his appellate counsel was ineffective for failing to review a complete record with regard to objections made during the selection of the jury, voir dire, and sentencing. His state court petition expands on this and sets forth five failings of his appellate counsel based on this ground. Dimick claims that his counsel (1) failed to review sentencing transcripts, (2) failed to review victim injury points, (3) failed to raise Dimick's objection to have an investigation, (4) failed to raise an objection to a jury member, and (5) failed to raise "other issues."

Even construing these claims liberally, Dimick does not cite any specific error in the un-reviewed portions of the transcript. Furthermore, Dimick does not demonstrate how he was hindered by not having these issues raised on appeal. Therefore he has not met his burden to prove that his counsel's performance was objectively unreasonable or that he was prejudiced as a result of the performance. Thus, Dimick's claim on this ground fails.

2. Ground 4A: Appellant Counsel Failed to Review and Have Complete Record on Review

Because Dimick points to no specific incident of error in Ground 4A, his claim is no different from that raised in Ground 3. For the reasons mentioned above, Dimick's claim on

6

this ground fails.

3.  Ground 4B: Appellate Counsel Only Briefed 6 of the 12 Judicial Acts to be Reviewed

Dimick claims that his appellate counsel was ineffective because counsel did not brief all the judicial acts he could have challenged. Dimick's appellate counsel need not raise every conceivable claim; indeed, failing to do so might be considered sound strategy. Because Dimick does not specify which additional claims should have been raised or how the outcome of the appeal would have been different as a result, he has not demonstrated that counsel performed unreasonably or prejudice. On these factors alone Dimick's claim fails.

Dimick's appellate counsel also filed an Anders brief. See Anders v. California 386 U.S. 738 (1967). This Anders brief raised seven issues and gave Dimick the opportunity to file a pro se brief raising any additional issues. The appellate court not only reviewed the issues raised by Dimick and his counsel, but it also undertook an independent review of the entire record to determine if there were issues required for further briefing. None were found. Thus, Dimick's claim on this ground fails.

4.  Ground 4C: Appellate Counsel Failed to Contact Dimick or Trial Counsel Prior to Filing Anders Brief

Dimick claims his appellate counsel was ineffective for failing to consult trial counsel or Dimick before determining that the appeal was wholly frivolous and submitting an Anders brief. Dimick states no reason as to why appellate counsel would be required to contact others before making his filing. And, as mentioned above, Dimick was given the opportunity to, and did, file a pro se initial brief. Given his opportunity to raise additional issues, Dimick

fails to demonstrate how the outcome of the appeal would have been different had he or the trial counsel been contacted. Dimick's claim on this ground fails.

5.      Ground 4D:  Appellate Counsel Failed to Address the Jury Instructions

Dimick claims that his appellate counsel was ineffective for failing to raise the jury instructions as an issue. This claim fails for two reasons. First, as discussed in Grounds 1 and 2, the jury instructions were proper.  Second, because Dimick's appellate counsel filed an Anders brief, Dimick had the opportunity to file a pro se brief raising any additional issue, and Dimick raised this issue in his initial pro se brief.  Furthermore, Dimick fails to identify how the outcome of the appeal would have been different had his counsel raised this issue. Dimick thus fails in demonstrating both deficient performance and prejudice; accordingly, his claim on this ground fails.

6.      Ground 4E:  Appellate Counsel Only Briefed Issues that Supported the Opinion that the Appeal Was Wholly Frivolous

As discussed above, because Dimick's appellate counsel filed an Anders brief, his appellate counsel was not ineffective for failing to raise all conceivable claims.  Dimick alleges in his reply that, when ignored issues are clearly stronger than those presented, effective assistance of counsel may not be presumed.  Yet, the appellate court not only reviewed the issues raised by Dimick and his counsel, but it also undertook an independent review of the entire record to determine if there were issues that required further briefing. None were found.  Therefore, the presumption of effective counsel stands.  Dimick neither

identifies any deficient performance nor demonstrates how the outcome of his appeal would have been different. Thus, Dimick's claim on this ground fails.

7. <u>Ground 4F: Appellate Counsel Failed to Point Out that there Was No Relevance as to Who Hired the Expert</u>

As discussed above, Dimick's appellate counsel was not ineffective for failing to raise this claim and Dimick does not identify how the outcome would have been different had it been raised. Furthermore, both Dimick and his appellate counsel raised a claim concerning the trial court's denial of the motion to exclude testimony of expert witness Robert Drawdy. Not only was the appellate court presented with this issue, it was not unreasonable for the court to deny this claim. Dimick's claim on this ground fails.

8. <u>Ground 4G: Appellate Counsel Referenced a Witness Who Did Not Testify at Trial</u>

Dimick claims that his appellate counsel was ineffective for referencing Trooper Gonzalez, a witness who did not testify at trial. After an examination of the initial brief, however, this reference was determined to be a typographical error. Dr. Noles was actually the one who testified concerning the observations of Dimick at the hospital after the car crash. (Trial Tr. at 171, 173, 175, 176-177). This typographical error did not render Dimick's counsel's performance ineffective or prejudice the outcome of Dimick's trial. Based on these findings, the appellate court acted reasonably in denying this claim and the Petition fails on this ground.

9. <u>Ground 4H: Appellate Counsel Did Not Point Out Pyramid of Assumptions or Inferences</u>

As discussed above, because Dimick's appellate counsel filed an <u>Anders</u> brief, his appellate counsel was not ineffective for failing to raise this claim. Dimick does not identify any deficient performance or prejudice. Thus, Dimick's claim on this ground fails.

10. <u>Ground 4I: Appellate Counsel Failed to Argue that the Trial Judge Abused His Discretion by not Granting the Motion In Limine as to Drawdy</u>

For the reasons discussed under ground 4F, Dimick's claim on this ground fails.

11. <u>Ground 5: Trial Counsel Failed to Diligently Investigate a Motion Concerning Lost or Destroyed Evidence</u>

Dimick claims that his trial counsel was ineffective for failing to investigate a motion to dismiss the charges because the vehicle Dimick was driving had been destroyed. Dimick specifically claims his trial counsel failed to review records indicating that a hold was placed on the vehicle. Whether or not a hold was placed on the vehicle, Dimick would not have been entitled to dismissal of the charges because Dimick points to no evidence that the police acted in bad faith in failing to preserve the car as evidence. See <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57-58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve evidence does not constitute a denial of due process of law.") Furthermore, the prosecution also stated that evidence was not willfully destroyed and photographs of the vehicle were available. As a result, Dimick does not identify any prejudice that resulted in his trial counsel's investigation. Dimick's claim on this ground fails.

12. <u>Ground 6: Petitioner is Being Illegally Detained</u>

Dimick claims that he is being detained illegally according to the oral pronouncement

of sentencing. Dimick fails to raise a constitutional issue with this claim because "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). This claim raises only issues of state law and provides no basis for federal habeas corpus relief. See Carrizales v. Wainwright, 699 F. 2d 1053 at 1054-1055 (11th Cir. 1983). Thus, Dimick's claim on this ground fails.

13.     Ground 7: Trail Counsel Failed to Call a Witness

Dimick claims that his trial counsel was ineffective for failing to call as a witness Michael Burkhart, a voluntary firefighter who responded to the car crash. Dimick claims that Burkhart could have offered testimony that would have contradicted the state's evidence that the deceased was pinned in the passenger seat. Dimick is barred from raising this claim for habeas review because the trial judge found this claim to be facially insufficient and it was per curiam affirmed on appeal. See Harmon v. Barton, 894 F. 2d 1268, 1273 (11th Cir. 1990) ("Florida appellate court's per curiam affirmance of trial court's ruling denying postconviction relief explicitly based on procedural default was a clear and express statement of reliance on independent and adequate state ground which barred consideration by federal court of same claim in habeas proceeding.").

Furthermore, even if Dimick was not barred from raising this issue, and even if his trial counsel should have called Burkhart as a witness, the Petition would still fail on this ground for lack of prejudice. Dimick claims that because Burkhart testified in his deposition that the jaws of life could have been used on either side of the vehicle to remove the deceased, the deceased was not pinned into the passenger side of the vehicle and could have

been the driver. This testimony would not render the trial fundamentally unfair because it is not inconsistent with the state's argument. The deceased could have been extracted with the jaws of life from either side even if he was pinned into the passenger side. Lack of prejudice is especially strong given the overwhelming evidence presented that Dimick was the driver of the vehicle. (Trial Tr. at 80, 83-84, 101, 103, 127, 128, 129, 132, 133, 147, 148-150, 199-200, 202, 204, 213-214, 232, 233, 236, 261-262, 301, 319, 396-397, 400-401, 470). Dimick's claim on this ground fails

14.  Ground 8: Trial Counsel Failed to Make Objections to Prosecutor's Closing Arguments

Dimick claims that his trial counsel was ineffective for failing to object to the prosecutor's closing arguments regarding misrepresentations to the jury, ridiculing the defendant's defense, and bolstering evidence that was not presented. However, after a review of the argument, no error occurred. The state's argument was in response to Dimick's counsel's closing and relied on inferences drawn from the evidence.

Furthermore, Dimick's counsel did object to one of the complained-of comments, but that objection was overruled. The jury was also instructed that closing arguments were not evidence and that they were to look at evidence alone when considering the verdict. Dimick has not shown that the judge's determination was "an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), or that any prejudice resulted from his counsel's performance. Thus, he has not met his burden on this issues.

**CONCLUSION**

Dimick has not established that his counsel rendered ineffective assistance on any of the sixteen alleged grounds. His Petition must be denied.

Accordingly, **IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: Tuesday, December 7, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge